## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————x

PATIENT CARE ASSOCIATES, LLC, a/s/o
C.B and V.G.,

                      Plaintiffs,

      Civil Action No. 13-cv-1472-ES-SCM

*vs.*

UNITED WATER; ABC CORP. (1-10)
(said names being fictitious and
unknown entities),

                  Defendants.

      **Document Electronically Filed**

———————————————————x

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## UNITED WATER NEW JERSEY INC.'S MOTION TO DISMISS THE COMPLAINT
## PURSUANT TO FED. R. CIV. P. 12(B)(6)

---

EPSTEIN BECKER & GREEN, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey  07102
(973) 642-1900
Attorneys for Defendant
*United Water New Jersey Inc.*

OF COUNSEL AND ON THE BRIEF:
    James P. Flynn, Esq.

ON THE BRIEF:
    Amy E. Hatcher, Esq.

FIRM:23099975v5

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................1

PROCEDURAL HISTORY....................................................................................2

STATEMENT OF FACTS ....................................................................................3

    A.   United Water's ERISA Health Benefits Plan Administrative Appeal Procedures................................................................................................4

    B.   Plaintiff Did Not Exhaust Administrative Remedies Under United Water's Plan ........................................................................................................5

LEGAL ARGUMENT.........................................................................................5

   POINT I    THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR ERISA BENEFITS CONTAINED IN COUNT ONE BECAUSE PLAINTIFF FAILS TO ALLEGE EXHAUSTION OF ADMINISTRATIVE REMEDIES AS TO EITHER C.B.'S OR V.G.'S CLAIM AND BECAUSE C.B.'S ASSIGNED CLAIM, IN FACT, WAS NEVER APPEALED AT ALL.................................................6

   POINT II   PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM (SECOND COUNT) FAILS FOR THE SAME REASONS EXPRESSED IN POINT I, BECAUSE IT IMPERMISSIBLY SEEKS MONETARY RELIEF AND BECAUSE THIS CLAIM IS IMPERMISSIBLY DUPLICATIVE OF PLAINTIFF'S CLAIM FOR ERISA BENEFITS, CONTAINED IN THE FIRST COUNT OF THE COMPLAINT ................................................................................9

        A.   Plaintiff's Breach Of Fiduciary Duty Claim Fails For The Same Reasons As Plaintiff's Claim For ERISA Benefits.....................................9

        B.   Plaintiff Cannot Recover Monetary Relief On Its ERISA § 502(a)(3) Equitable Claim .......................................................................10

        C.   The Second Count Of The Complaint Is Barred As Duplicative Of The First.............................................................................................11

POINT III  PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM (THIRD COUNT) SHOULD BE DISMISSED BECAUSE IT IS PREEMPTED BY § 514 OF ERISA, BECAUSE PLAINTIFF'S ALLEGATIONS FAIL TO MEET THE HEIGHTENED PLEADING REQUIREMENT OF RULE 9(B) AND BECAUSE PLAINTIFF FAILS TO ALLEGE THAT DEFENDANT MADE ANY FALSE STATEMENT OF FACT REASONABLY RELIED UPON TO PLAINTIFF'S DETRIMENT ............................................................................13

    A.   Plaintiff's Negligent Misrepresentation Claim Is Preempted By § 514 Of ERISA ..............................................................................13

    B.   Plaintiff's Negligent Misrepresentation Claim Does Not Meet The Pleading Requirements Of Federal Rule Of Civil Procedure 9(b) ...........................................................................................15

    C.   Plaintiff Fails To Allege That United Water Made Any False Statement Of Past Or Existing Fact As It Is Required To Do To Maintain A Negligent Misrepresentation Claim Under New Jersey Law ...........................................................................................16

    D.   Plaintiff's Claims Arise Under The Plan And The Economic Loss Doctrine Therefore Bars Any Tort Recovery .....................................17

CONCLUSION ...................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937 (2009)...................................................................5, 6, 7

*Baughman v. U.S. Liability Insurance*,
    662 F. Supp. 2d 386 (D.N.J. 2009) ...................................................................7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................5

*Berger v. Edgewater Steel Co.*,
    911 F.2d 911 (3d Cir. 1990), <u>cert. denied</u>, 499 U.S. 920 (1991) .......................7,3, 5

*Bernatowicz v. Colgate-Palmolive Co.*,
    785 F. Supp. 488 (D.N.J. 1992) ...................................................................3

*Brown v. Interbay Funding LLC*,
    198 Fed. Appx. 223 (3d Cir. 2006)...................................................................2

*Chang v. Life Ins. of North America*,
    2008 WL 2478379 (D.N.J. June 17, 2008) ...................................................................12

*CJS Corporate Center, LLC v. Merrill Lynch Mortg. Lending, Inc.*,
    2010 WL 3075694 (App. Div. 2010)...................................................................17, 18

*Ctr. for Special Procedures v. Conn. Gen. Life Ins. Co.*,
    2010 U.S. Dist. LEXIS 128289 (D.N.J. Dec. 6, 2010) .........................................17

*Cohen v. Independence Blue Cross*,
    820 F. Supp. 2d 594 (D.N.J. 2011) ...................................................................11, 12

*Cornejo v. Horizon Blue Cross/Blue Shield of New Jersey*,
    No. 11-7018, 2012 U.S. Dist. LEXIS 28654 (D.N.J. March 5, 2012)........................8

*Corsini v. United Healthcare Corp.*,
    965 F. Supp. 265 (D.R.I. 1997)...................................................................7

*D'Amico v. CBS Corp.*,
    297 F.3d 287 (3d Cir. 2002)...................................................................7, 9

*District 1199P Health and Welfare Plan v. Janssen*,
    784 F. Supp. 2d 508 (D.N.J. 2011) ...................................................................5

FIRM:23099975v5

*Eichorn v. AT&T,*
2005 WL 3609003 (D.N.J. 2005) (Chesler, J.), *aff'd* 484 F.3d 644 (3d. Cir. 2007),
*reh'g denied* 489 F.3d 590 (3d Cir. 2007), *cert. denied* 128 S.Ct. 709 (2007)........................10

*Eli Lilly & Co. v. Roussel Corp.,*
23 F. Supp 2d 460 (D.N.J. 1998)............................................................................................15

*Finderne Mgmt. Co., Inc. v. Barrett,*
355 N.J. Super. 170 (App. Div. 2002)....................................................................................13

*Frederico v. Home Depot,*507 F.3d 188 (3d Cir. 2007)..........................................................5

*Great-West Life & Annuity Ins. Co. v. Knudson,*
534 U.S. 204 (2002)...............................................................................................................11

*Gregorovich v. E.I. DuPont,*
602 F. Supp. 2d 511 (D. Del. 2009).........................................................................................7

*Harrow v. Prudential Ins. Co.,*
76 F. Supp. 2d 558 (D.N.J. 1999) <u>affirmed</u> 279 F.3d 244 (3d Cir. 2002)...............................8

*Hoseman v. Weinschneider,*
322 F.3d 468 (7th Cir. 2003)...................................................................................................7

*In Re Nice Sys., Ltd. Sec. Litig.,*
135 F. Supp. 2d 551 (D.N.J. 2001)..........................................................................................6

*Masone v. Levine,*
382 N.J. Super. 181 (App. Div. 2005)..............................................................................15, 16

*Metropolitan Life Ins. Co. v. Price,*
501 F.3d 271 (3d Cir. 2007).....................................................................................................7

*Morley v. Avaya, Inc. Long Term Disability Plan,*
No. 04-409, 2006 WL 2226336 (D.N.J. Aug. 3, 2006)..........................................................12

*Notch View Assocs. v. Smith,*
260 N.J. Super. 190 (Law. Div. 1992)....................................................................................16

*Our Lady of Lourdes Health Sys. v. MHI Hotels, Inc. Health and Welfare Fund,*
No. 09-1875, 2009 U.S. Dist. LEXIS 111875 (D.N.J. Dec. 1, 2009).......................................4

*Phillips v. County of Allegheny,*
515 F.3d 224 (3d Cir. 2008).....................................................................................................5

*Pilot Life Ins. Co. v. Dedeaux,*
481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)..............................................................14

iv

*Schirmer v. Principal Life Ins. Co.,*
No. 08-2406, 2008 WL 4787568 (E.D.Pa. Oct. 29, 2008) ...................................................7, 8

*Semerenko v. Cendant Corp.,*
223 F.3d 165 (3d Cir. 2000)....................................................................................................6

*Shaw v. Delta Air Lines, Inc.,*
463 U.S. 85 (1983)................................................................................................................14

*Shinn v. Champion Mortgage Co. Inc.,*
2010 WL 500410 (D.N.J. Feb. 5, 2010) (Martini, J.) ..........................................................17

*Snyder v. Farnam Companies, Inc.,*
792 F. Supp. 2d 712 (D.N.J. 2011) ........................................................................................4

*State v. Burten,*
219 N.J. Super. 339 (Law Div. 1986) ...................................................................................13

*Tannenbaum v. UNUM Life Ins. Co. of America,*
2004 WL 1084658 (E.D.Pa. 2004) .......................................................................................10

*Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan,*
2009 WL 692398 (3d Cir. 2009)...........................................................................................11

*Varity Corp. v. Howe,*
516 U.S. 489 (1996)..............................................................................................................11

*Weldon v. Kraft, Inc.,*
896 F.2d 793 (3d Cir. 1990)....................................................................................................6

*Zahl v. Cigna Corp.,*
No. 09-1527, 2010 U.S. Dist. LEXIS 32268 (D.N.J. Mar. 31, 2010)...............................12, 13

**STATUTES**

29 U.S.C. § 1132(a) (ERISA § 502(a)(3)) .....................................................................3, 10, 11

29 U.S.C. § 1001, et seq. ................................................................................................................1

29 U.S.C. § 1144 (ERISA § 514) ....................................................................................... passim

**OTHER AUTHORITIES**

Civil Rule 6.1(b) .........................................................................................................................2

Rule 9(b) .........................................................................................................................2, 14, 15

Rule 12(a)(4)(A) ..........................................................................................................................2

Rule 12(b)(6)...........................................................................................................1, 5, 18

FIRM:23099975v5

## PRELIMINARY STATEMENT

Plaintiff Patient Care Associates, LLC, a/s/o C.B. and V.G. ("Patient Care" or "Plaintiff"), has filed a four-count Complaint, three of which are directed against United Water New Jersey Inc. ("United Water" or "Defendant") and one of which is directed at fictitiously named defendants.   The crux of the Complaint is Plaintiff's Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA") claims (First and Second Counts) wherein Plaintiff alleges that United Water engaged in improper insurance reimbursement practices in connection with its self-funded ERISA plan.   Plaintiff also asserts against United Water a negligent misrepresentation claim under New Jersey common law (Third Count).[1]   United Water now moves under Federal Rule of Civil Procedure 12(b)(6) for dismissal of the Complaint in its entirety.

As set forth more fully below, Patient Care's ERISA claims are based on assignments allegedly given to Patient Care by two of its patients (C.B. and V.G.), who are subscribers to United Water's ERISA plan.   Plaintiff's ERISA claims (First and Second Counts) should be dismissed as Patient Care has failed to allege that either the patient-insureds who assigned their claims, or Patient Care, itself, has either exhausted the administrative remedies available under United Water's self-insured ERISA plan, or else are excused from failing to do so – a well-settled requirement to maintain a claim for ERISA benefits.  Indeed, Plaintiff's claims as to one of the two patient-insureds, C.B., must be dismissed as no administrative appeal was ever begun, much less exhausted.

Further, the Court should dismiss Plaintiff's breach of fiduciary duty claim under ERISA (Second Count) because it improperly seeks monetary relief and is duplicative of Plaintiff's

---

[1] The Complaint contains an additional count against "ABC Corporation" defendants, which re-alleges all prior allegations in the Complaint.

claim for ERISA benefits (First Count).

Finally, the Court should dismiss Plaintiff's state law negligent misrepresentation claim (Third Count). First, it is preempted by § 514 of ERISA.   Second, Plaintiff fails to plead misrepresentation with specificity as required by Federal Rule of Civil Procedure 9(b).  Further, Plaintiff points to no alleged misrepresentation of past or existing fact – only to United Water's *opinion* as to *future* benefits determinations.   Lastly, since Plaintiff's claim is based on the alleged status as an assignee of contractual and legal rights under a group health policy, it is a contractual one, and tort claims such as this are barred by the economic loss doctrine.

The Court should dismiss the Complaint in its entirety.

## PROCEDURAL HISTORY

On or about February 1, 2013, Plaintiff filed its four-count Complaint in the Superior Court of New Jersey, Bergen County.  On March 11, 2103, United Water removed this matter to the United States District Court for the District of New Jersey on the basis of federal question jurisdiction.  See Electronic Case Filing ("ECF") Docket Entry No. 1.  Also on March 11, 2013, pursuant to Local Civil Rule 6.1(b), the Court granted United Water's application for a Clerk's Order extending the time within which United Water may answer, move, or otherwise reply to the Complaint to April 1, 2013.  See ECF #3.  On April 8, 2013, the Court granted United Water's application for an Order extending the time within which United Water could answer, move, or otherwise reply to the Complaint to May 1, 2013.  See ECF #5.  Accordingly, this Motion to Dismiss, filed on May 1, 2013, is timely.[2]

---

[2] Service of a motion enlarges the applicable period of time for serving an answer or other responsive pleading. Brown v. Interbay Funding LLC, 198 Fed. Appx. 223, 225 (3d Cir. 2006); see Fed. R. Civ. P. 12(a)(4)(A).  Accordingly, Defendant may serve its answer within 14 days after notice of this Court's action on this motion.

- 2 -

## STATEMENT OF FACTS[3]

Defendant United Water New Jersey Inc. ("United Water") is a provider of water and a wastewater service company.  Compl., ¶ 2.[4]  United Water underwrites a self-funded health insurance plan for its employees and their participating family members, which is governed by ERISA.  Id. at ¶ 4.  Plaintiff Patient Care is an ambulatory surgical center, which provided surgical services to United Water's Insureds as an "out-of-network" medical practice.  Id. at 1, 4.  Patient Care alleges that it received written Assignment of Benefits agreements from two of its patients, C.B. and V.G., both United Water subscribers, which allegedly transferred to Patient Care the right to payment under the group health policy issued by United Water.  Compl. ¶ 7.  Thereafter, Plaintiff submitted claims for benefits to United Water on behalf of C.B. and V.G.  Compl. ¶¶ 12, 13.  For each of the claims submitted to United Water, United Water issued to Plaintiff an Explanation of Benefits form ("EOB") indicating the "total allowed amount," and the amount for which the patient-insured was responsible (i.e., "not allowed").  Compl. ¶¶ 12, 13.  Plaintiff disputes the "reasonable and customary charge" allowed by United Water for the subject claims of C.B. and V.G., and seeks additional benefits payments from United Water on that basis.  Compl. ¶¶ 12, 13.

Plaintiff asserts four causes of action, which it brings as an assignee, on behalf of its patients, C.B and V.G.  In the first two causes of action, Plaintiff alleges violations of the Employment Retirement Security Income Act of 1974 ("ERISA").  The First Count is for insurance benefits allegedly due, pursuant to § 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)); the Second Count alleges that United Water breached its fiduciary duty under ERISA.  In the Third

---

[3] For purposes of this motion only, Defendant assumes the factual allegations of Plaintiff's Complaint to be true.

[4] The Complaint is part of the submitted removal papers and is available at ECF #1.

Count, Plaintiff brings a negligent misrepresentation claim, based on the allegation that United Water "negligently refused to pay the subject claims," "despite its confirmation that payment would be issued in accordance with the reasonable and customary fees for service rendered." Compl. ¶ 40. The Fourth Count brings the same claims as the first three, but asserts them against fictitious defendants ABC Corporations 1-10. Compl. ¶ 45

## A. United Water's ERISA Health Benefits Plan Administrative Appeal Procedures

As required by ERISA, United Water's self-funded plan contained provisions for an internal administrative appeal, through which a member or the member's assignee could seek review of United Water's benefits determinations.[5] For example, United Water's 2010[6] and 2011[7] Medical Summary Plan Descriptions ("SPDs") explained the appeal process, in pertinent part, as follows:

> If you receive notice of an adverse benefit determination [which includes a failure to pay for (in whole or in part) a benefit] and disagree with the decision, you are entitled to apply for a full and fair review of the clam and the adverse benefit determination. You (or an appointed representative) can appeal and request a claim review within 180 days after receiving the denial notice. . . .

Certification of James P. Flynn in Support of Motion to Dismiss Complaint ("Flynn Cert."), Ex. 1, p. 51 (2010 SPD); Ex. 2, p. 47 (2011 SPD). The address to which to send appeals, and the information to be provided, are expressly stated. Id.

---

[5] These plans are mentioned throughout the Complaint and relied upon by Plaintiff. See, e.g., Compl., ¶¶ 5, 20. Consequently, the Court may rely on them in deciding the present motion. See Snyder v. Farnam Companies, Inc., 792 F. Supp. 2d 712, 717 (D.N.J. 2011) ("The court may also consider 'undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s].' ... Moreover, 'documents whose contents are alleged in the complaint and whose authenticity no party questions, ... may be considered.') (citation omitted).
[6] The 2010 SPD was in effect at the time of C.B.'s assigned claim based on the June 23, 2010 date of service and set forth the procedures to appeal a benefits claim at that time. Compl. ¶ 12.
[7] The 2011 SPD was in effect at the time of V.G.'s assigned claim based on the August 1, 2011 date of service and set forth the procedures to appeal a benefits claim at that time. Compl. ¶ 13.

**B. Plaintiff Did Not Exhaust Administrative Remedies Under United Water's Plan**

Plaintiff alleges that it "submitted appeals for reconsideration of **the** claim, and for further payment," Compl. ¶ 15 (emphasis added), but fails to state to which "claim" it refers – C.B., V.G., or some other claim. Plaintiff nowhere alleges that either Plaintiff itself, or the patient-insureds, exhausted the appeals process set forth in the applicable SPDs. And in fact, no appeal was ever instituted, much less exhausted, as to C.B.'s claim contained in the Complaint. Flynn Cert. Ex. 14.

## LEGAL ARGUMENT

In a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, this Court must accept all well-pleaded allegations in the complaint as true, construe the complaint in a light most favorable to plaintiff, and "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). See also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009), the Supreme Court reaffirmed its decision in Twombly, holding that: "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim of relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).

Here, Plaintiff's claims can survive a Rule 12(b)(6) motion only if they state plausible grounds for its entitlement to the relief sought. Twombly, 550 U.S. at 555-56. The Complaint must contain sufficient factual allegations to "raise a right to relief beyond a speculative level." Id. at 555. In the context of a Rule 12(b)(6) motion, the issue is not whether the plaintiff will

FIRM:23099975v5

ultimately prevail, but whether the claimant can prove a set of facts consistent with its allegations that will entitle him to relief. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

Courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In Re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001). In Ashcroft v. Iqbal, the Court explained that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). The "plausibility standard" is not the equivalent of a "probability requirement," rather it demands "more than a sheer possibility that defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

Applying the plausibility standard to the case at hand, Plaintiff cannot maintain a cause of action for ERISA benefits (First Count), breach of fiduciary duty under ERISA (Second Count), or negligent misrepresentation (Third Count).

## POINT I

**THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR ERISA BENEFITS CONTAINED IN COUNT ONE BECAUSE PLAINTIFF FAILS TO ALLEGE EXHAUSTION OF ADMINISTRATIVE REMEDIES AS TO EITHER C.B.'S OR V.G.'S CLAIM AND BECAUSE C.B.'S ASSIGNED CLAIM, IN FACT, WAS NEVER APPEALED AT ALL**

A plaintiff, or its assignors as the case may be, are required to have exhausted administrative remedies before any judicial action may be commenced seeking allegedly due benefits. "[A] federal court will not entertain an ERISA claim unless the plaintiff has *exhausted* the remedies available under the plan." Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990)

- 6 -

(citing Wolf v. National Shopmen Pension Fund, 728 F.2d 182, 185 (3d Cir. 1984))(emphasis added).   This "exhaustion requirement is strictly enforced[.]"   Berger v. Edgewater Steel Co., 911 F.2d 911, 916 (3d Cir. 1990), cert. denied, 499 U.S. 920 (1991).   See also, D'Amico v. CBS Corp., 297 F.3d 287, 291 (3d Cir. 2002) (exhaustion of administrative remedies is required for "claims to enforce the terms of a benefit plan" under ERISA).   Therefore, "an ERISA claim 'is subject to dismissal if it does not plead or otherwise deal with the issue of exhaustion."   Schirmer v. Principal Life Ins. Co., No. 08-2406, 2008 WL 4787568, at *3 (E.D.Pa. Oct. 29, 2008) (internal quotations omitted).[8]   Further, "under Twombley and its progeny, a 'formulaic recitation' of the legal requirements [to maintain an ERISA benefits claim] will not survive a motion to dismiss. Id. (internal quotations omitted).

In the First Count of the Complaint, Plaintiff alleges that United Water improperly denied benefits payments assigned to it by C.B. and V.G. under United Water's ERISA-governed plan. Conspicuously absent from Plaintiff's Complaint, however, are specific allegations that either Plaintiff itself, or its assignor-insureds, ever exhausted the administrative remedies and appeal procedures available under United Water's ERISA-governed plan, or that it was excused from doing so.[9]   And the sparse allegations that Plaintiff does provide regarding any alleged appeals under the United Water plan as to these two assigned claims, are vague and contradictory. Iqbal, 129 S.Ct. at 1949   For instance, Plaintiff alleges that:

- it "submitted appeals for reconsideration of **the** claim" – but never specifies to which "claim" it refers (Compl. ¶ 15) (emphasis added);

---

[8] A copy of Schirmer is attached to the Flynn Cert. as Exhibit 3.
[9] Under Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 278-79 (3d Cir. 2007), Gregorovich v. E.I. DuPont, 602 F. Supp. 2d 511, 519 (D. Del. 2009), and other cases in this circuit, the burden is on plaintiff to demonstrate that exhaustion has occurred, or would have been futile.   Corsini v. United Healthcare Corp., 965 F. Supp. 265 (D.R.I. 1997).   As Corsini itself noted, "unsupported assertions" that internal reviews would be futile "are not sufficient" because a claimant "bears a heavy burden of establishing futility."

- "Defendant failed to provide an appropriate response to the appeal . . ." – but, fails to identify to what "appeal" it refers (Compl. ¶ 15); and

- "Defendant failed to properly advise Plaintiffs about the appeal process and therefore, Defendant did not properly consider payment on appeal" – again, Plaintiff fails to identify to which "appeal" it refers (Compl. ¶ 15).

Most importantly, Plaintiff's only allegation is that a process was begun, and there is no allegation or demonstration that it was exhausted. That is insufficient to fulfill the ERISA exhaustion requirements. Harrow v. Prudential Ins. Co., 76 F. Supp. 2d 558, 561-62 (D.N.J. 1999) affirmed 279 F.3d 244 (3d Cir. 2002). ("Making one step which could be construed as an initial complaint does not constitute exhaustion of all remedies.").

Plaintiff's bare, disconnected allegations fail to even reach the level of the allegations which supported the dismissed ERISA benefits claim in Schirmer. In Schirmer, plaintiffs at least alleged that they had "fulfilled all of their obligations and conditions under the various plans," and even this was not enough to avoid their dismissal. Schirmer, 2008 WL 4787568, at *3 ("Plaintiff's bare-bones assertion of 'compliance' with unidentified 'obligations' [was] nothing more than a mere recitation of the exhaustion requirement under ERISA, and it therefore [could not] survive Defendants' [12(b)(6)] Motion to Dismiss"). Because Plaintiff has not pled administrative exhaustion of the assigned claims that are the subject of its claims for ERISA benefits herein, the First Count of the Complaint should be dismissed.

Indeed, Plaintiff could not in good faith allege exhaustion, at least as to C.B.'s assigned claims, because C.B.'s claims appears never to have even been initiated. See Flynn Cert., Ex. 14. Cornejo v. Horizon Blue Cross/Blue Shield of New Jersey, No. 11-7018, 2012 U.S. Dist. LEXIS 286564, at *9 (D.N.J. March 5, 2012) (dismissing plaintiff's claim for ERISA benefits pursuant to Rule 12(b)(6) where defendant asserted that plaintiff failed to lodge an appeal

regarding her claim for benefits under the plan, and plaintiff failed to allege exhaustion of her administrative remedies).[10]

Accordingly, because neither C.B., nor Plaintiff on C.B.'s behalf, ever satisfied the obligation to exhaust administrative remedies as to C.B.'s claims, the First Count of the Complaint should be dismissed as to these claims.

## POINT II

**PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM (SECOND COUNT) FAILS FOR THE SAME REASONS EXPRESSED IN POINT I, BECAUSE IT IMPERMISSIBLY SEEKS MONETARY RELIEF AND BECAUSE THIS CLAIM IS IMPERMISSIBLY DUPLICATIVE OF PLAINTIFF'S CLAIM FOR ERISA BENEFITS, CONTAINED IN THE FIRST COUNT OF THE COMPLAINT**

### A. Plaintiff's Breach Of Fiduciary Duty Claim Fails For The Same Reasons As Plaintiff's Claim For ERISA Benefits.

A plaintiff who brings a claim for breach of fiduciary duties under ERISA must exhaust his administrative remedies. D'Amico v. CBS Corp., 297 F.3d 287, 291 (3d Cir. 2002).

As set forth in Point I above, Plaintiff has not pled administrative exhaustion of the assigned claims that are the subject of its claim for breach of United Water's fiduciary duties under ERISA. Further, C.B.'s assigned claims were, in fact, never exhausted. See Point I. Accordingly, for the same reasons expressed in Point I, the Second Count of the Complaint should be dismissed and Plaintiff's claim relating to C.B.'s assigned claims contained in the Second Count, specifically, should be dismissed with prejudice.

---

[10] A copy of Cornejo is attached to the Flynn Cert. as Exhibit 4.

FIRM:23099975v5

**B.     Plaintiff Cannot Recover Monetary Relief On Its ERISA §
        502(a)(3) Equitable Claim.**

Plaintiff's Second Count alleges a violation of United Water's fiduciary duties under

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).  Under this Count, Plaintiff seeks monetary relief in

the form of compensatory damages, interest, costs of suit, attorney's fees and makes no specific

request for equitable relief.  Compl., Wherefore Clause, Second Count.  The statute, however,

does not permit such relief.

Accordingly, insofar as Plaintiff's Second Count seeks monetary relief for an alleged

breach of United Water's fiduciary duties, that claim should also be dismissed because ERISA

does not contemplate the award of monetary relief for breach of a fiduciary's duties of loyalty

and care.  See Eichorn v. AT&T, 2005 WL 3609003, at *9 (D.N.J. 2005) (no monetary relief

available under § 502(a)(3)) (Chesler, J.), aff'd 484 F.3d 644 (3d. Cir. 2007), reh'g denied 489

F.3d 590 (3d Cir. 2007), cert. denied 128 S.Ct. 709 (2007).[11]

In Tannenbaum v. UNUM Life Ins. Co. of America, 2004 WL 1084658 (E.D.Pa. 2004),

the court dismissed plaintiff's breach of fiduciary duty claim under § 502(a)(3) to the extent

plaintiff sought thereby to recover employee welfare benefits:

> In this case, Plaintiff seeks a variety of remedies for Defendants'
> purported breach of their fiduciary duties.  Some of the remedies Plaintiff
> seeks are legal, and some are equitable.  ...  With respect to Plaintiff's
> claim for restitution, we conclude that Plaintiff is seeking a legal remedy
> that is barred by *Great-West*.  The theory of Plaintiff's case is that
> Defendants wrongfully failed to pay him the benefits he was due under the
> Plan.  "A claim for money due and owing under a contract is
> 'quintessentially an action at law.'"  ...  Thus, we will grant Defendants'
> motion to dismiss Count I to the extent Plaintiff seeks restitution of
> benefits and compensatory damages.

---

[11] A copy of Eichorn is attached to the Flynn Cert. as Exhibit 5.

Id. at *5 (citations omitted)[12]; see also Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan, 2009 WL 692398 (3d Cir. 2009) (affirming district court's dismissal of § 502(a)(3) claim seeking a money judgment as barred under Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002)).[13]

Likewise, ERISA § 502(a)(3) does not contemplate the type of monetary relief that Plaintiff demands as an assignee of contractual benefits and so the Second Count of the Complaint should accordingly be dismissed.  See Great-West, 534 U.S. at 221 ("Because petitioners are seeking legal relief – the imposition of personal liability on respondents for a contractual obligation to pay money - § 502(a)(3) does not authorize this action.").

### C.    The Second Count Of The Complaint Is Barred As Duplicative Of The First.

Section 502(a) of ERISA (29 U.S.C. § 1132(a)) provides a private right of action to redress grievances under a covered benefits plan.  In pertinent part, § 502(a) provides:

> A civil action may be brought –
>
>> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132(a)(3).  While this section  is admittedly "a kind of 'catchall'" provision, Varity Corp. v. Howe, 516 U.S. 489, 511 (1996), it is inappropriate to use § 502(a)(3) where some other section of the ERISA statute already provides for the relief sought.  Id. at 515 (citation omitted).

To that end, "a claim for breach of fiduciary duty is actually a claim for benefits where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA."  Cohen v. Independence Blue

---

[12] A copy of Tannenbaum is attached to the Flynn cert. as Exhibit 6.
[13] A copy of Toy is attached to the Flynn Cert. as Exhibit 7.

Cross, 820 F. Supp. 2d 594, 607 (D.N.J. 2011) (citing Harrow v. Prudential Ins. Co. of America, 279 F.3d 244, 254 (3d Cir. 2002) (internal quotations omitted)).   Accordingly, courts in this District have held that a plaintiff may not, at the pleading stage, maintain simultaneous causes of action under both § 502(a)(1) and § 502(a)(3) where the plaintiff does not seek additional relief under § 502(a)(3) not provided for in § 502(a)(1).   Cohen, 820 F. Supp. 2d at 608; Zahl v. Cigna Corp., No. 09-1527, 2010 U.S. Dist. LEXIS 32268, at *11-12 (D.N.J. Mar. 31, 2010) (same)[14]; Morley v. Avaya, Inc. Long Term Disability Plan, No. 04-409, 2006 WL 2226336, at *8-9 (D.N.J. Aug. 3, 2006) (same).[15]

Yet, this is precisely what Plaintiff here attempts to do.   Plaintiff's requests for relief contained in the First and Second Counts of the Complaint are indistinguishable, compare Compl. Wherefore Clause, First Count with Compl., Wherefore Clause, Second Count. Plaintiff's requests for damages in both Counts "demonstrate[] the impermissibly duplicative nature of the two claims."  Cohen, 820 F. Supp. 2d at 608.   Accordingly, the Second Count should be dismissed.   See, e.g., Chang v. Life Ins. of North America, 2008 WL 2478379 at *4 (D.N.J. June 17, 2008) ("Plaintiff's Count II appears to be nothing more than an attempt to couch the request for relief it had previously set forth in Count I in the language of equity.").[16]

---

[14]  A copy of Zahl is attached to the Flynn Cert. as Exhibit 8.
[15]  A copy of Morley is attached to the Flynn Cert. as Exhibit 9.
[16]  A copy of Chang is attached to the Flynn Cert. as Exhibit 10.

FIRM:23099975v5

## POINT III

**PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM (THIRD COUNT) SHOULD BE DISMISSED BECAUSE IT IS PREEMPTED BY § 514 OF ERISA, BECAUSE PLAINTIFF'S ALLEGATIONS FAIL TO MEET THE HEIGHTENED PLEADING REQUIREMENT OF RULE 9(B) AND BECAUSE PLAINTIFF FAILS TO ALLEGE THAT DEFENDANT MADE ANY FALSE STATEMENT OF FACT REASONABLY RELIED UPON TO PLAINTIFF'S DETRIMENT**

### A. Plaintiff's Negligent Misrepresentation Claim Is Preempted By § 514 Of ERISA.

It is well-settled in the Third Circuit that where a plaintiff simultaneously brings an ERISA claim and a state law negligent misrepresentation claim that involves plaintiff's rights as a beneficiary under an ERISA-governed health care benefits plan benefits, § 514 of ERISA (29 U.S.C. § 1114) preempts the negligent misrepresentation claim.  Berger, 911 F.2d at 923 (negligent misrepresentation claims were preempted by § 514(a)); Bernatowicz v. Colgate-Palmolive Co., 785 F. Supp. 488, 492-93 (D.N.J. 1992) (same); Zahl, 2010 U.S. Dist. LEXIS 32268, at *5-7 (dismissing provider-plaintiff's assigned negligent misrepresentation claim as preempted under §514 of ERISA).

New Jersey courts have acknowledged that "[i]n ERISA, Congress made its intent known in what has been called 'the most sweeping federal preemption statute ever enacted by Congress.'"  State v. Burten, 219 N.J. Super. 339, 344 (Law Div. 1986) (citing California Hospital Assn. v. Henning, 569 F. Supp. 1544, 1546 (D.C.Cal.1983) (affirming dismissal of action under state law because it was preempted by ERISA).  "ERISA preempts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan,' covered by ERISA.  'The term "State law" includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State.'  Consequently, ERISA embraces state common law claims."  Finderne Mgmt. Co., Inc. v. Barrett, 355 N.J. Super. 170, 185 (App. Div. 2002)

- 13 -

(quoting 29 U.S.C.A. § 1144) (citing Griggs v. E.I. Dupont de Nemours & Co., 237 F.3d 371,

378 (4th Cir. 2001). "Congress's intent was to use the words 'relate to' in their 'broadest sense,'

in light of the legislative history which had rejected more limited language to eliminate the threat

of conflicting or inconsistent state and local regulations." Id. at 852 (citing Shaw v. Delta Air

Lines, Inc., 463 U.S. 85, 90-91 (1983)).

The Third Circuit has instructed that a "state law claim relates to an employee benefit

plan if 'the existence of an ERISA plan is a critical factor in establishing liability.'" Our Lady of

Lourdes Health Sys. v. MHI Hotels, Inc. Health and Welfare Fund, No. 09-1875, 2009 U.S. Dist.

LEXIS 111875, at *9 (D.N.J. Dec. 1, 2009) (quoting 1975 Salaried Ret. Plan for Eligible

Employees of Crucible, Inc. v. Nobers, 968 F.2d 401, 406 (3d Cir. 1992).[17]  One type of state

law claim that has been held to "relate to" an ERISA plan for purposes of preemption is a state

law claim that provides a remedy "for misconduct growing out of the administration of the

plans." Id. at 853 (citing Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d

985, 990 (10th Cir. 1999); Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1468-69 (4th Cir.

1996)).

When, as here, a misrepresentation claim grows out of the administration of an ERISA

plan, the claim is pre-empted:

> Section 514(a) of ERISA, 29 U.S.C.A. § 1144(a) (West 1985), preempts "any and
> all State laws insofar as they may now or hereafter relate to any employee benefit
> plan" covered by ERISA. The district court was clearly correct in holding that §
> 514(a) preempts the Employees' misrepresentation claims, since they relate to an
> employee benefit plan. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct.
> 1549, 95 L.Ed.2d 39 (1987); Shaw v. Delta Air Lines, 463 U.S. 85, 103 S.Ct.
> 2890, 77 L.Ed.2d 490 (1983).

---

[17] A copy of Our Lady of Lourdes Health Sys. is attached to the Flynn Cert. as Exhibit 11.

Berger v. Edgewater Steel Co., 911 F. 2d 911, 923 (3d Cir. 1990).  Accordingly, Plaintiff's

negligent misrepresentation claim (Third Count) should be dismissed because it is preempted by

§ 514 of ERISA.

### B. Plaintiff's Negligent Misrepresentation Claim Does Not Meet The Pleading Requirements Of Federal Rule Of Civil Procedure 9(b).

Plaintiff's negligent misrepresentation claim must satisfy the heightened pleading

standards of Federal Rule of Civil Procedure 9(b).  District 1199P Health and Welfare Plan v.

Janssen, 784 F. Supp. 2d 508, 532 (D.N.J. 2011) (dismissing negligent misrepresentation claim

for failure to meet the requirements of Rule 9(b)).  To satisfy this standard, a plaintiff must

"plead or allege the date, time and place" of the alleged misrepresentation or "otherwise inject

precision or some measure of substantiation into" a misrepresentation allegation.  See Frederico

v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).[18]

Here, Plaintiff's allegations of misrepresentation lack the required specificity.  Plaintiff

has failed to allege the date, time and place of United Water's purported misrepresentations, who

made the purported misrepresentations, or to whom they were made.  Instead, Plaintiff

summarily alleges that "[i]n each instance, prior to Plaintiff rendering services [United] Water

agreed to directly compensate Plaintiff their [usual, customary and reasonable] ("UCR") fee for

the services provided," see Compl. ¶ 11; and that United Water "negligently refused to pay the

subject claims" in accordance with this agreement.  See Compl. ¶ 40.  Plaintiff's allegations

against unspecified agents of United Water are insufficient under Rule 9(b).  See Eli Lilly & Co.

---

[18] To prevail on a negligent misrepresentation claim under New Jersey law, a plaintiff must establish that "the defendant negligently made an incorrect statement of a past or existing fact, that the plaintiff justifiably relied on it and that his reliance caused a loss or injury."  Masone v. Levine, 382 N.J. Super. 181, 187 (App. Div. 2005) (citing Kaufman v. i-State Corp., 165 N.J. 94, 109 (2000); H. Rosenblum, Inc. v. Adler, 93 N.J. 324, 334 (1983)).

v. Roussel Corp., 23 F. Supp 2d 460, 496 (D.N.J. 1998) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'").

Because the Complaint does not contain any facts supporting Plaintiff's negligent misrepresentation claim that are sufficient enough for United Water to respond specifically to allegations of misrepresentation, Plaintiff's negligent misrepresentation claim should be dismissed as a matter of law.

### C. Plaintiff Fails To Allege That United Water Made Any False Statement Of Past Or Existing Fact As It Is Required To Do To Maintain A Negligent Misrepresentation Claim Under New Jersey Law.

To sustain a cause of action for negligent misrepresentation in New Jersey, a plaintiff must allege, among other things, "an incorrect statement of a past or existing fact." Masone v. Levine, 382 N.J. Super. 181, 187 (App. Div. 2005); see also Point III.B above. Here, the Complaint is completely devoid of any alleged misrepresentations **of past or existing fact**, and only complains about alleged *in futuro* statements of opinion allegedly communicated by United Water to Plaintiff. For example, Plaintiff alleges that United Water "misrepresent[ed] that payment *would be* issued in accordance with the reasonable and customary fees for services rendered." Compl. ¶ 41. These alleged misrepresentations, however, amount (at most) only to United Water's **opinion** - its position - as to the **future** calculation of claims not yet submitted for benefits due and owing, or not due, to its Insureds and/or their assignees, under the United Water plan. These are not statements of past or existing fact. Notch View Assocs. v. Smith, 260 N.J. Super. 190, 202-03 (Law. Div. 1992) ("Under New Jersey law, statements as to future events, expectations, or intended acts, do not constitute misrepresentations despite their falsity, if the statements were not made with the intent to deceive.") (citing Middlesex County Sewer Auth. v. Borough of Middlesex, 74 N.J. Super. 591, 605 (Law Div. 1962), aff'd 79 N.J. Super. 24

- 16 -

(App. Div. 1963)).  Further, a statement that claims would be paid in the future in accordance with United Water's understanding of the contractual obligations defining what UCR would be and how it would be calculated is not in any way a factual representation as to what that the outcome of that calculation would be or that United Water's understanding of UCR coincided with whatever assignee's later submission would claim.  Baughman v. U.S. Liability Insurance, 662 F. Supp. 2d 386, 400 (D.N.J. 2009) ("Defendant's letters declining coverage do not include misrepresentations of fact, but rather are expressions of opinion regarding the proper interpretation of the contract"); see also Hoseman v. Weinschneider, 322 F.3d 468, 477, n. 2 (7th Cir. 2003) (noting that statement more aptly described "as a *legal* conclusion, rather than a statement of material *fact*," is at most a "misrepresentation as to the law [that] cannot give rise to a claim" of fraud) (italics in original).   As such, Plaintiff has not successfully asserted a negligent misrepresentation claim against United Water and this claim should be dismissed.

### D.  Plaintiff's Claims Arise Under The Plan And The Economic Loss Doctrine Therefore Bars Any Tort Recovery.

Because Plaintiff asserts claims arising out of allegedly assigned rights under insurer contracts, Plaintiff may not recover in tort.  The economic loss doctrine provides that a tort remedy does not arise from such a contractual relationship, Shinn v. Champion Mortgage Co. Inc., 2010 WL 500410, at *4 (D.N.J. Feb. 5, 2010) (Martini, J.) (copy at Flynn Cert., Ex. 12), including claims of negligent  misrepresentation. Ctr. for Special Procedures v. Conn. Gen. Life Ins. Co., 2010 U.S. Dist. LEXIS 128289, at *20-22 (D.N.J. Dec. 6, 2010) (dismissing plaintiff provider's negligent misrepresentation claim against defendant insurance company, where plaintiff also alleged breach of contract, finding that "this was not the type of case in which a claim for negligent misrepresentation is appropriate [ ] [because] . . . the contractual relationship at issue forecloses Plaintiff's tort claim") (copy at Flynn Cert., Ex. 15); CJS Corporate Center,

FIRM:23099975v5

LLC v. Merrill Lynch Mortg. Lending, Inc., 2010 WL 3075694, at *9 (App. Div. 2010) ("CJS cannot bring a claim for negligent misrepresentation because 'a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law.' Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 316, 788 A.2d 268 (2002)") (copy at Flynn Cert., Ex. 13).   Here, aside from statutory remedies that have their own conditions precedent (that remain unfulfilled), there is no duty of care separate and apart from the alleged contractual relationships. Id.   Hence, the Court should dismiss the negligent misrepresentation claim with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant United Water respectfully submits that, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint should be dismissed in its their entirety.

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.


By: *s/ James Flynn*_____
        James P. Flynn
One Gateway Center, 13th Floor
Newark, New Jersey 07102
(973) 642-1900

*Attorneys for Defendant United Water New Jersey Inc.*


Dated: May 1, 2013

- 18 -